UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LA MINING, LLC, MYERS MINING, LLC and MYERS UNIFIED, LLC | CIVIL ACTION NO.: |
| VERSUS | JUDGE: |
| KWEST, INC., MEDLOGIX SURGICAL SOLUTIONS, LLC d/b/a/ KWEST SOURCING, PARKER LEE, CHRIS MERINEY, JAMES HERRERA, and OMAR KHAN | MAGISTRATE: |

## COMPLAINT

Plaintiffs, LA Mining, Myers Mining, LLC, and Myers Unified LLC, through undersigned counsel, respectfully submit this complaint against defendants, Kwest, Inc., MedLogix Surgical Solutions, LLC d/b/a/ Kwest Sourcing, Parker Lee, Chris Meriney, James Herrera, and Omar Khan as follows:

## PARTIES

**1.**

Plaintiff, LA Mining, LLC ("LA"), is a Louisiana limited liability company domiciled in Jefferson Parish, Louisiana, the members of which are all citizens of the State of Louisiana.

**2.**

Plaintiff, Myers Mining, LLC ("Myers"), is a Louisiana limited liability company, domiciled in Jefferson Parish, Louisiana, the members of which are all citizens of the State of Louisiana.

**3.**

1

Plaintiff, Myers Unified, LLC ("Unified"), is a Louisiana limited liability company, domiciled in Jefferson Parish, Louisiana, the members of which are all citizens of the State of Louisiana.

4.

Defendant, Kwest, Inc. ("Kwest"), is a South Dakota business corporation with its principal place of business located in Dallas, Texas. Kwest is, therefore, a citizen of the State of South Dakota and the State of Texas.

5.

Defendant, MedLogix Surgical Solutions, LLC doing business under the assumed name Kwest Sourcing ("Kwest Sourcing") is a Texas limited liability company domiciled and located in Dallas, Texas, the members of which, on information and belief, are all citizens of the State of Texas.

6.

Defendant, Parker Lee, is an individual who, upon information and belief, resides in Dallas County, Texas.

7.

Defendant, Chris Meriney, is an individual who, upon information and belief, resides in Dallas County, Texas.

8.

Defendant, James Herrera, is an individual who, upon information and belief, resides in Dallas County, Texas.

9.

Defendant, Omar Khan, is an individual who, upon information and belief, resides in Dallas County, Texas.

## JURISDICTION

**10.**

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1336(a) as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

**11.**

This Court may exercise general personal jurisdiction over the nonresident defendants as they have engaged in continuous and systematic contacts with the State of Louisiana by engaging in substantial business, including the sale of products and shipment of products, to citizens of this State.

**12.**

This Court may also exercise specific personal jurisdiction over the nonresident defendants as they have purposefully directed their activities, including engaging in business with and selling products to, Plaintiffs who are citizens of the State of Louisiana, and this litigation directly arises out of injuries sustained by Plaintiffs arising out of those activities.

## VENUE

**13.**

Venue is proper in this judicial district pursuant to articles 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted in this lawsuit occurred in this judicial district.

## GENERAL ALLEGATIONS

**14.**

Kwest sells a variety of products through an online store primarily marketed to small and medium businesses.

**15.**

Plaintiffs learned of Kwest through Kwest's internet advertising. Plaintiffs contacted Kwest in or around March 15, 2021, regarding the purchase of computer equipment advertised by Kwest on its website.

**16.**

On March 16, 2021, Emmanuel Jones, Kwest's Business Development Manager of Sales, emailed on of Plaintiffs' members, William Myers, information about Kwest's products as well as a list of various business contacts Kwest claimed to have previously done business with, including Baton Rouge General Medical Center.

**I.    PLAINTIFFS' ORDER FROM KWEST**

**17.**

On March 17, 2021, Mr. Myers, on behalf of Myers, ordered thirty (30) 8 GPU Mining Cases and two-hundred forty (240) NVIDIA Graphics Cards[1] at the price of $193,440 ("Order Number 3726"), which were to be delivered to Myers in Metairie, Louisiana by the end of April 2021.

**18.**

Per Kwest's instructions, Myers caused a total of $100,000 to be wire transferred to Kwest Sourcing on March 17, 2021, in connection with Order Number 3726. An additional

---

[1] The "mining cases" are also sometimes referred to as "rigs."

4

$15,845 was wire transferred on behalf of Myers to Kwest Sourcing on March 18, 2021, in connection with Order Number 3726.

**19.**

On March 17, 2021, Mr. Myers, on behalf of LA, ordered eleven (11) 8 GPU Mining Cases and eighty-eight (88) NVIDIA Graphics Cards at the price of $70,928 ("Oder Number 3727"), which were to be delivered to LA in Metairie, Louisiana by the end of April 2021.

**20.**

Per Kwest's instructions, LA caused $42,476.50 to be wire transferred to Kwest Sourcing on March 17, 2021, in connection with Order Number 3727.

**21.**

On March 24, 2021, Mr. Myers, on behalf of Unified, ordered thirty-six (36) NVIDIA Graphics Cards at the price of $48,564 ("Order Number 5183"), which were to be delivered to Unified in Metairie, Louisiana by the end of April 2021.

**22.**

Per Kwest's instructions, Unified caused $24,282 to be wire transferred to Kwest Sourcing on March 25, 2021, in connection with Order Number 5183.

**23.**

On May 10, 2021, Mr. Myers, on behalf of Myers and LA, ordered twenty-eight (28) MinderDude 12 GPU Cases at the price of $34,972 ("Order Number 9926"), which were to be delivered to Myers and LA in Metairie, Louisiana by the end of April 2021.

**24.**

As a result of adjustments resulting in overpayments on Orders 3726 and 3727, Plaintiffs had a credit with Kwest of $26,137.50 which was applied to Order Number 9926 on May 10, 2021.

## II.  KWEST'S DELIVERY DELAYS AND MISREPRESENTATIONS

**25.**

On March 24, 2021, Emmanuel Jones of Kwest emailed tracking information to Mr. Myers stating that the products would arrive in the Port of Houston between April 7 and April 28, 202.

**26.**

On May 3, 2021, Mr. Jones of Kwest informed Mr. Myers that the Orders had arrived at the Port of Houston from the overseas distributor and would be shipped out to the Plaintiffs in a few days.

**27.**

By May 19, 2021, however, with the exception of one of the mining cases/rigs, the Orders had not been released to Kwest, much less shipped to Plaintiffs.[2]

**28.**

On May 19, 2021, Mr. Myers was notified by Mr. Jones of Kwest that the Orders had allegedly been put on hold by the U.S. Customs Department. Kwest did not give a timeframe for when the Orders would be released by advised that it expected a Customs agent to reach out to Kwest "shortly" to resolve the issue.

**29.**

---

[2] The mining cases/rigs are essentially useless without the graphics cards promised by Kwest.

A few days later, on May 21, 2021, Kwest notified Plaintiffs that U.S. Customs advised Kwest that the orders would be released to Kwest by Friday May 28, 2021, and that Plaintiffs had to pay all balances in full before Kwest would release the Orders to Plaintiffs.

30.

In compliance with Kwest's demand and in reliance on its promises that the products would be soon delivered:

- Myers caused the remaining balance of $96,720 owed on Order Number 3726 to be wire transferred to Kwest Sourcing on May 28, 2021;

- LA caused the remaining balance of $35,464 owed on Order Number 3727 to be wire transferred to Kwest Sourcing on May 28, 2021;

- Unified caused the remaining balance of $24,282 owed on Order Number 5183 to be wire transferred to Kwest Sourcing on May 28, 2021; and

- Myers caused $5,855 to be wire transferred to Kwest Sourcing and LA caused $2,979.50 to be wired transferred to Kwest Sourcing to pay in full the balance on Order Number 9926.

31.

Kwest subsequently confirmed in writing to Plaintiffs that all amounts owed on Orders 3726, 3727, and 9926, totaling $347,904, had been paid in full by Plaintiffs.

32.

Kwest advised Plaintiffs on June 1, 2021, that the Orders had been released to Kwest by U.S. Customs and would be shipped to Plaintiffs by the end of the week.

33.

On June 7, 2021, Kwest notified Plaintiffs that the Orders were in Kwest's possession in Dallas, Texas and, that after they were inventoried, the Orders would be shipped in a few more days.

34.

Contrary to Kwest's representations just a few days earlier, Kwest told Plaintiffs on June 10, 2021, that due to a "logistics' issue, the Orders had not yet been shipped from the Port of Houston to Dallas. Kwest insisted, however, that the Orders had been released by Customs and were in Kwest's possession, and the delay was due solely to a shortage of trucks.

35.

On June 17, 2021, Kwest changed its story again, revealing for the first time to Plaintiffs that Kwest was involved in a legal dispute with its distributor from whom it was allegedly "awaiting pick up instructions." Kwest again promised that the Orders would be shipped in a few days.

36.

By June 28, 2021, none of Plaintiffs' Orders had been filled. Mr. Myers emailed Mr. Jones of Kwest on June 28, 2021, canceling all of the Orders and demanding a refund of the funds paid by Plaintiffs.

37.

Kwest did not respond to this demand and has failed to refund Plaintiffs' funds.

38.

On information and belief, Kwest knew that it could not deliver the equipment ordered by Plaintiffs as promised at the time Kwest accepted Plaintiffs' Orders and payment for same.

39.

Kwest recently admitted in a lawsuit filed against its distributor that Kwest knew by March 2021 that its distributor had not, or would not, make timely delivery of orders. Yet Kwest admitted that it continued to take orders from customers, such as Plaintiffs, despite this knowledge.

**40.**

Kwest also admitted that it never had possession of the equipment paid for by Plaintiffs in the Orders. In fact, Kwest admitted that despite having paid over $10 million to the distributor, the distributor had not filled any of the orders for GPUs Kwest allegedly placed.

**41.**

Thus, all of Kwest's communications to Plaintiffs claiming the equipment had been delivered and received but was held up due to Customs delays and other logistical issues were entirely fabricated.

**42.**

Kwest knowingly made misrepresentations in order to convince Plaintiffs to make purchases from Kwest, to wire Kwest additional funds when Kwest knew it could not deliver, and to delay Plaintiffs taking legal action for return of their funds.

**43.**

In addition to the loss of the funds paid to Kwest for equipment that was never delivered, Kwest's wrongful conduct and misrepresentations caused Plaintiffs to incur other damages including lost profits, lost business opportunities, and other expenses.

**44.**

Because Kwest failed to deliver the equipment as promised, Plaintiffs lost hundreds of thousand of dollars in revenue. Moreover, Plaintiffs needlessly incurred expenses setting up a datacenter and purchasing ancillary equipment in reliance on Kwest's breached promises.

45.

In a lawsuit filed in this Honorable Court on July 7, 2021, Plaintiffs alleged the following counts against Kwest, Inc., MedLogix Surgical Solutions, LLC., and Parker Lee which stated:

### COUNT 1: BREACH OF CONTRACT

46.

Plaintiffs adopt, reallege, and incorporate the preceding allegations of this Complaint as if copied herein *in extenso*.

47.

Plaintiffs and Defendants entered into binding contracts pursuant to which Plaintiffs paid for certain equipment which was to be shipped to Plaintiffs in Louisiana.

48.

Plaintiffs complied with all of their obligations under the contracts.

49.

Defendants, however, failed to perform their obligations and breached the contracts by failing to deliver the equipment paid for by Plaintiffs.

50.

Plaintiffs have suffered damages as a result of the breaches of contract of Defendants and are entitled to judgment against Defendants as follows:

(1) Myers is entitled to judgment against Defendants, *in solido*, for the sum of one hundred ninety-three thousand four hundred forty & 00/100 (193,440.00) Dollars representing the

full sum paid in connection with Order Number 3726, and the sum of twenty-three thousand seven hundred thirty-one & 00/100 ($23,731.00) Dollars representing the sum paid in connection with Order Number 9926,[3] plus judicial interest, and all costs incurred in this matter.

(2) LA is entitled to judgment against Defendants, *in solido*, for the sum of seventy thousand nine hundred twenty-eight & 00/100 ($70,928.00) Dollars representing the full sum paid in connection with Order Number 3727, and the sum of nine thousand nine hundred ninety-two ($9,992) Dollars representing the full sum paid in connection with Order Number 9926, plus judicial interest, and all costs incurred in this matter; and

(3) Unified is entitled to judgment against Defendants, *in solido*, for the sum of forty-eight thousand five hundred sixty-four & 0/100 ($48,564.00) Dollars representing the full sum paid in connection with Order Number 5183, plus judicial interest, and all costs incurred in this matter.

## COUNT II: BAD FAITH BREACH OF CONTRACT

**51.**

Plaintiffs adopt, reallege, and incorporate the preceding allegations of this Complaint as if copied herein *in extenso*.

**52.**

In each and every instance alleged above, Defendants knowingly and intentionally breached their contracts with Plaintiffs in bad faith, including making intentional misrepresentations to Plaintiffs regarding the Orders.

**53.**

---

[3] The sum demanded in connection with Order Number 9926 does not include the price Myers paid for the one mining rig/case it actually received.

As a result, Plaintiffs are entitled to recover all damages, foreseeable or not, caused by Defendants' bad faith breaches of contract, including but not limited to lost profits, lost business opportunities, and other expenses which shall be established at trial.

### COUNT III: FRAUD

**54.**

Plaintiffs adopt, reallege, and incorporate the preceding allegations of this Complaint as if copied herein *in extenso*.

**55.**

Defendants repeatedly misrepresented and/or suppressed the truth regarding their ability to fill Orders; the expected delivery of Plaintiffs' Orders; the status of Plaintiffs' Orders; and the reasons for the delays in delivery.

**56.**

Defendants repeatedly told Plaintiffs that the equipment paid for and ordered by Plaintiffs had been received by Defendants, was in their possession, and would soon be shipped to Plaintiffs when, in fact, Defendants never had all of the equipment.

**57.**

On information and belief, Defendants knew at the time the Orders were placed that Defendants would be unable to deliver same as promised, or made the representations without knowledge of their truth.

**58.**

Defendants made these material misrepresentations intentionally, or with reckless disregard, to obtain an unjust advantage over Plaintiffs or to cause a loss or inconvenience to Plaintiffs. Plaintiffs justifiably and detrimentally relied on Defendants' material

misrepresentations which induced Plaintiffs to place the Orders, to wire Defendants additional funds, and to delay taking legal action against Defendants.

59.

Through intentional misrepresentations and suppressions of the truth, Defendants have caused Plaintiffs to suffer damages in excess of $346,655.00, and other damages, including lost profits, lost business opportunities, and other expenses, which will be proven at trial.

60.

Plaintiffs are entitled to recover all damages caused by Defendants' fraud as well as attorney's fees.

## COUNT IV: TEXAS DECEPTIVE TRADE PRACTICES CLAIM

61.

Plaintiffs adopt, reallege, and incorporate the preceding allegations of this Complaint as if copied herein *in extenso*.

62.

Under the Texas Deceptive Trade Practices Act (the "DTPA"), "false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Tex. Bus. & Com. Code § 17.46(a). Unlawful acts under the DTPA include, but are not limited to, "advertising goods … with intent not to sell them as advertised;" and "failing to disclose information concerning goods … which was known at the time of the transaction" when "such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed." Tex. Bus. & Com. Code §§ 17.46(b)(9), (10), and (24). Any consumer suffering economic suffering economic damages or damages for mental anguish as the result of his detrimental reliance on

false, misleading, or deceptive act or practice may maintain a private cause of action to recover all such damages, and where the defendant acted knowingly and/or intentionally, the consumer may also recover three times the amount of his damage. Tex. Bus. & Com. Code §§ 17.50(a), (b).

63.

Defendants' actions, described above, constitute false, misleading, and deceptive acts and practices in violation of the DTPA. Tex. Bus. & Com. Code § 17.46(a).

64.

Plaintiffs are consumers within the meaning of the DTPA. Tex. Bus. & Com. Code §17.45.

65.

Defendants' knowing and intentional conduct, described above, constitutes false, misleading, deceptive or unconscionable acts or practices, which were relied on by Plaintiffs to their detriment, within the meaning of the DTPA, and constituted a producing cause of Plaintiffs' damages. Tex. Bus. Com. Code §§ 17.46(b), 17.50

66.

Plaintiffs are entitled to recover from Defendants all economic damages and mental anguish damages they have suffered, plus an amount equal to three times the amount of their economic and/or mental anguish damages, plus all court costs and reasonable and necessary attorney's fees. Tex. Bus. & Com. Code §§ 17.50(a), (b).

**ALTERNATIVE COUNT V: LOUISIANA UNFAIR TRADE PRACTICES CLAIM**

67.

Plaintiffs adopt, reallege, and incorporate the preceding allegations of this Complaint as if copied herein *in extenso*.

68.

Alternatively, the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA") makes "unfair or deceptive acts or practices in the conduct of any trade or commerce … unlawful" and permits "[a]ny person who suffers an ascertainable loss of money … as a result of the use or employment by another person of an unfair or deceptive method, act, or practice … to recover actual damages" and "reasonable attorney fees and costs." La. Rev. Stat. §§ 51:1405(A), 1409(A). When the defendant's actions or practices were "knowingly used," the plaintiff may also recover "three times the actual damages sustained." La. Rev. Stat. § 1409(A).

69.

The intentional and knowing actions of Defendants, described above, is the type of immoral, unethical, oppressive, unscrupulous and substantially injurious conduct prohibited by LUTPA. La. Rev. Stat. § 51:1405(A).

70.

Defendants' knowingly and intentionally made numerous fraudulent misrepresentations to Plaintiffs, on which Plaintiffs relied to their detriment, causing Plaintiffs to suffer an ascertainable loss of money and entitling Plaintiffs to recover all damages they incurred, plus attorney's fees, all costs, and treble damages under LUTPA. La. Rev. Stat. § 51:1409(A).

**COMPLAINT AS TO OTHER NAMED DEFENDANTS**

71.

Plaintiffs adopt, reallege, and incorporate the preceding allegations of this Complaint against the other named Defendants, Chris Meriney, James Herrera, and Omar Khan, as if copied herein *in extenso*.

## **VIOLATION OF CONSENT JUDGMENT**

**72.**

On October 28, 2021, this Honorable Court signed a consent judgment agreed to by Plaintiffs LA Mining LLC, Myers Mining, LLC, and Myers Unified, LLC, and Defendants, Kwest, Inc. and MedLogix Surgical Solutions, LLC d/b/a Kwest Sourcing.[4]

**73.**

This consent judgment stated:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Judgment is entered in favor of plaintiffs, LA Mining, LLC, Myers Mining, LLC and Myers Unified, LLC ("Plaintiffs"), and against defendants, Kwest, Inc. and MedLogix Surgical Solutions, LLC d/b/a Kwest Sourcing ("Defendants"), jointly and solidarily, in the full and true sum of three hundred forty-six thousand six hundred fifty-five & 00/100 ($346,655) Dollars, plus judicial interest as the maximum legal rate from July 21, 2021, until paid, and attorney's fees and costs of five thousand & 00/100 ($5,000) Dollars.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that judicial interest and attorney's fees shall be waived, if the principal sum of three hundred forty-six thousand six hundred fifty-five & 00/100 ($346,655) Dollars Judgement is paid to Plaintiffs within:

---

[4] See Case 2:21-cv-01385-GGG-KWR, Document 11

(1) five (5) days of the receipt of payment by Defendants, or their agents or designees, under that certain Settlement and Release Agreement entered in the matter *Kwest, Inc. and MedLogix Surgical Solutions, LLC v. TG Investors Group, LLC*, cause no. 199-03384-2021, District Court for the 199th Judicial District, Collins County, Texas (the "TGI Settlement");

(2) But no later than December 1, 2021, regardless of whether Defendants have been paid under the TGI Settlement.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Consent Judgment shall become fully executable and collectible by any lawful means upon the failure of Defendants to pay the full principal sum of three hundred forty-six thousand six hundred fifty-five & 00/100 ($346,655) Dollars Judgment in accordance with the preceding paragraph.

**74.**

Defendants have not paid any money to Plaintiffs since the Consent Judgment was signed and executed on October 28th, 2021.

**LIABILITY OF INDIVIDUAL OFFICERS**

**75.**

Although the consent Judgment was signed and executed on October 28th, 2021, the directors/officers named as individual Defendants in this Petition continued to transfer money from Kwest, Inc.'s bank account, Account No. ****2376 with Prosperity Bank, to their personal bank accounts.

**76.**

Kwest, Inc. also made payments to other individuals and entities after the Consent Judgment was signed and rendered.

**77.**

Defendants chose to ignore the Consent Judgment which they entered into and which was signed and rendered by this Honorable Court.

**78.**

The bank transfers which were made after the Consent Judgment was signed and rendered are as follows:

(1) On 11/26/2021 to Ettienne Avery in the amount of one thousand seven-hundred thirty & 77/100 ($1,730.77) dollars.

(2) On 11/26/2021 to Chris John in the amount of two thousand eight-hundred eighty-four & 61/100 ($2,884.61) dollars.

(3) On 11/29/2021 to Chris Meriney in the amount of two thousand ($2,000) dollars.

(4) On 11/29/2021 to Senior Solutions in the amount of one thousand two hundred ($1,200) dollars.

(5) On 11/29/2021 to Senior Solutions in the amount of one thousand two hundred ($1,200) dollars.

(6) On 12/10/2021 to Chris John in the amount of two thousand eight-hundred eighty-four & 60/100 ($2,884.60) dollars.

(7) On 12/10/2021 to Edward Biggerstaff in the amount of one thousand five-hundred thirty-eight & 46/100 ($1,538.46) dollars.

(8) On 12/10/2021 to Ettienne Aery in the amount of one thousand seven-hundred thirty & 77/100 ($1,730.77) dollars.

(9) On 12/10/2021 to Fire Station Media in the amount of two thousand & 00/100 ($2,000.00) dollars.

(10) On 12/10/2021 to Chris Meriney in the amount of two thousand ($2,000) dollars.

**79.**

The individual directors/officers are liable as agents of Kwest, Inc. and MedLogix Surgical Solutions, LLC as a result of their fraudulent practices, breach of professional duties, negligence, and wrongful acts upon Plaintiffs. La. R.S. § 12:1320(D)

**WHEREFORE**, Plaintiffs, LA Mining, Myers Mining, LLC and Myers Unified, LLC, pray:

A. that the Defendants, Kwest, Inc., MedLogix Surgical Solutions, LLC d/b/a Kwest Sourcing, Parker Lee, Chris Meriney, Omar Khan, and James Herrera, be duly cited to appear and answer this Complain and be served with a copy of the same;

B. that after the lapse of all legal delays and after due proceedings are had, there be judgment in Plaintiffs' favor and against Defendants, for all relief and damages requested above, plus judicial interest, reasonable attorney's fees, and all costs of these proceedings; and

C. for any other general and equitable relief warranted under the circumstances.

Respectfully submitted,

**Kerner & Cantin, LLC**

*/s/ Ronald G. Cantin, III*
Ronald G. Cantin, III (#39827)
102 Kennedy Dr.
Gretna, Louisiana 70053

(504) 650-1806
ronald@kernercantin.com

*Attorney for Plaintiffs, LA Mining, Myers Mining, LLC, and Myers Unified, LLC*