# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LA MINING, LLC, MYERS MINING, LLC, and MYERS UNIFIED, LLC | * * * | CIVIL ACTION NO: 2:23-cv-02520 |
| | * | SECTION "T-4" |
| **Plaintiff** | * * | |
| VERSUS | * * | JUDGE: GREG G. GUIDRY |
| | * * * | |
| KWEST, INC., MEDLOGIX SURGICAL SOLUTIONS, LLC d/b/a/ KWEST SOURCING, PARKER LEE, CHRIS MERINEY, JAMES HERRERA, and OMAR KHAN | * * * * * * | MAG: KAREN WELLS ROBY |
| **Defendants** | * | |

**************************************************************************

## PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT JUDGMENT

Plaintiffs, La Mining, LLC, Myers Mining, LLC, and Myers Unified, LLC respectfully request the court clerk to enter a default judgment against defendant, Parker Lee, as authorized by Federal Rule of Civil Procedure 55.

## A. INTRODUCTION

1. Plaintiffs in this matter are LA Mining, LLC, Myers Mining, LLC, and Myers Unified, LLC; defendant is Parker Lee.

2. On July 15, 2023, plaintiff filed the above-captioned lawsuit with the Court. On September 27, 2023, defendant was served with a summons and a copy of plaintiffs' complaint by personal service. A copy of the return of service is attached as Exhibit A. Defendant did not file a responsive pleading or otherwise defend the suit.

3. On October 25, 2023, the clerk entered a default against defendant. A copy of the entry of default is attached as Exhibit B.

4. Plaintiff now asks the clerk to enter a default judgment.

## B. ARGUMENT

6. The clerk can enter a default judgment when (1) the defendant defaulted for failure to appear, (2) the defendant is not a minor, an incompetent person, a member of the military, the U.S. government, or a

federal officer or agency, and (3) the damages are a sum certain or can be made certain by computation. *See* 50 U.S.C. § 3931(b)(1); Fed. R. Civ. P. 55(a), (b)(1), (d); *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 927 (9th Cir. 2004).

7. The clerk should enter a default judgment against defendant because defendant did not file a responsive pleading or otherwise defend the suit within 21 days after September 27, 2023 , the date of service. Fed. R. Civ. P. 12(a)(1)(A)(i); *see* Fed. R. Civ. P. 55(a).

9. Defendant is not a minor, an incompetent person, a member of the military, the U.S. government, or a federal officer or agency. *See* 50 U.S.C. § 3931(b)(1); Fed. R. Civ. P. 55(b)(1), (d). An affidavit of defendant's military status is attached as Exhibit C.

10. Because defendant did not make an appearance and did not file an answer or otherwise defend the suit, he is not entitled to notice of entry of default judgment. *See* Fed. R. Civ. P. 55(b)(1); *Franchise Holding II, LLC*, 375 F.3d at 927–28.

11. Plaintiff's claim is for a sum certain or can be made certain by computation. Fed. R. Civ. P. 55(b)(1); *Franchise Holding II, LLC*, 375 F.3d at 928–29.

12. The damages specified in plaintiff's complaint are proved by affidavit, attached as Exhibit C.

## C. CONCLUSION

13. For these reasons, plaintiff asks the clerk to enter a default judgment in favor of plaintiff for the sum of $1,306,069.00, plus costs and postjudgment interest.

Respectfully Submitted,

**COLVIN | BROTHERS LAW FIRM**
A Professional Law Corporation

_____
Ronald G. Cantin, III, La Bar. #39827
230 Huey P. Long Avenue
Gretna, LA 70053
Telephone: (504) 367-9001
Facsimile: (504) 367-0650
Email: rcantin@dcolvinlaw.com