**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**LA MINING, LLC, ET AL.**                              **CIVIL ACTION**

**VERSUS**                                              **NO: 23-2520**

**KWEST, INC., ET AL.**                                 **SECTION: T (4)**

<u>**ORDER AND REASONS**</u>

Before the Court is a Motion to Vacate Default Judgment Under Rule 60(b)(4) (R. Doc. 21) filed by pro se defendant Parker Lee ("Defendant" or "Lee"). Lee's Motion asks this Court to vacate and annul the default judgment entered against him on March 1, 2024, on the grounds that the judgment is void because the Court lacked personal jurisdiction and proper service of process. R. Doc. 21, p. 1. Plaintiffs, LA Mining, LLC ("LA Mining"), Myers Mining, LLC ("Myers Mining"), and Myers Unified, LLC ("Myers Unified") (collectively, "Plaintiffs" or "Myers Interests"), have responded in opposition, arguing that Lee's Motion should be denied because service of process was properly effectuated and Lee's substantial contacts with Louisiana establish personal jurisdiction. Lee has not submitted a reply in support of his Motion, and the time to do so has passed. Having reviewed the parties' arguments, the record, and the applicable law, it is the judgment of the Court that Lee's Motion should be **DENIED**.

**I. BACKGROUND**

This action stems from a contract dispute between Plaintiffs and defendant Kwest, Inc. ("Kwest"), a retailer that "sells a variety of products through an online store marketed to small and medium businesses." R. Doc. 1, p. 4. Plaintiffs allege that they first contacted Kwest in March 2021 regarding the purchase of computer equipment advertised on Kwest's website. *Id.* Over the

1

next few months, William Myers, on behalf of the Myers Interests, interfaced with Emmanuel Jones, Kwest's Business Development Manager of Sales, to order roughly $400,000 worth of computer graphics equipment. *Id.* at pp. 4-6. Per Kwest's instructions, the Myers Interests wired the appropriate funds for each order. *Id.* However, despite Kwest's initial assurances that the orders would arrive by the end of April—and subsequent representations that the items would be released by U.S. Customs by the end of May—Plaintiffs only received a single GPU mining case, which they claim was "essentially useless without the graphics cards promised by Kwest." *Id.* at pp. 6-8. By the end of June, none of Plaintiffs' orders had been filled, and Plaintiffs learned from Kwest that it was in a legal dispute with the distributor for the purchased items. *Id.* at p. 8. Although Mr. Myers emailed Mr. Jones of Kwest to cancel all of the orders and demand a refund, no one at Kwest responded. *Id.*

In July 2021, Plaintiffs filed its first lawsuit in this Court, bringing claims for breach of contract, bad faith breach of contract, and fraud against Kwest and MedLogix Surgical Solutions, LLC d/b/a Kwest Sourcing ("MedLogix"). *Id.* at pp. 10-13. *See also La Mining, LLC et al. v. Kwest, Inc. et al.*, No. 2:21-cv-01384-GGG-KWR. Plaintiffs also sought relief under the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code § 17.46, and, alternatively, under the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA"), La. R.S. § 51:1401 et seq. R. Doc. 1, pp. 13-20. In October 2021, the Court signed a Consent Judgment between the Myers Interests and defendants Kwest and MedLogix, entering judgment in favor of the plaintiffs and against the defendants in the principal sum of $346,655.00. *Id.* at p. 20. Plaintiffs allege that Kwest and MedLogix have not paid any money to Plaintiffs since the Consent Judgment was signed and executed on October 28, 2021. *Id.*

As a result, Plaintiffs instituted the present action against Kwest, MedLogix, Parker Lee,

Chris Meriney, James Herrera, and Omar Khan in this Court on July 15, 2023. R. Doc. 1, pp. 1-3. The individuals named defendants in the suit are alleged "directors/officers" of Kwest who "continued to transfer money from Kwest, Inc.'s bank account, Account No. ****2376 with Prosperity Bank, to their personal bank accounts." *Id.* at p. 17. Plaintiffs aver that these individuals are liable as agents of Kwest and MedLogix "as a result of their fraudulent practices, breach of professional duties, negligence, and wrongful acts upon Plaintiffs." *Id.* at p. 19.

Plaintiffs contend that they served Defendant Lee via personal service on August 28, 2023, and subsequently filed proof of service in the record on October 17, 2023. R. Doc. 27, p. 2 (citing R. Doc. 7 (Proof of Service on Defendant Parker Lee)). On October 25, 2023, the Clerk of Court entered a preliminary default against Lee, R. Doc. 14, and on March 1, 2024, the Court entered a default judgment in favor of Plaintiffs and against Defendant Lee.

On October 11, 2025, Defendant filed the instant motion, seeking to vacate the default judgment entered against him over a year prior. R. Doc. 21, p. 1. Defendant argues that the judgment against him is void because the Court lacked personal jurisdiction and proper service of process and therefore should be vacated pursuant to Federal Rule of Civil Procedure 60(b)(4). *Id.* He also argues that the judgment should be vacated because the claims in this action were previously litigated and resolved in the original dispute. *Id.* at p. 3. Plaintiffs have responded in opposition, arguing that Lee's Motion should be denied because "(1) service of process was properly effectuated in accordance with the federal rules; (2) this Court has personal jurisdiction over Defendant based on his substantial contacts with Louisiana; and (3) Defendant's res judicata argument is both procedurally improper and factually incorrect. R. Doc. 27, p. 1. Defendant Lee has not submitted a reply in support of his Motion, and the time to do so has passed. Lee's Motion is now submitted to the Court.

## III. LAW AND ANALYSIS

### a. *Rule 60(b) Framework*

Rule 60 of the Federal Rules of Civil Procedure governs relief from a judgment or order. *See* Fed. R. Civ. P. 60. Rule 60(b) lists six grounds upon which a party may seek relief from a final judgment, including:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence . . . ;
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Thus, under Rule 60(b)(4), a court may relieve a party from final judgment if "the judgment is void." *See also In re Novoa*, 690 F. App'x 223, 225 (5th Cir. 2017) ("A void judgment is a legal nullity. And absent extraordinary circumstances . . . the mere passage of time cannot convert an absolutely void judgment into a valid one.").

The Fifth Circuit has "recognized two circumstances in which a judgment may be set aside under Rule 60(b)(4): 1) if the initial court lacked subject matter or personal jurisdiction; and 2) if the district court acted in a manner inconsistent with the due process of law." *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003) (citing *Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998); *Jackson v. FIE Corp.*, 302 F.3d 515, 521-22 (5th Cir. 2002)). Here, Defendant contends that the court lacked personal jurisdiction over him due to defective service of process. R. Doc. 21, pp. 1-3.

However, Plaintiffs argue that because Lee's Motion "comes more than one (1) year and seven (7) months after the entry of default judgment," it has not been made within a "reasonable time" as mandated by the Federal Rules. R. Doc. 27, p. 4. Under Rule 60(c)(1), "[a] motion under

4

Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order on the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Thus, a party may not file a motion for relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, or (3) fraud, misrepresentation, or misconduct by an opposing party once one year has passed from the date of the judgment.

Plaintiffs argue that Lee's Motion, filed more than one year after the judgment, was not brought within a reasonable time. R. Doc. 27, p. 4. The Supreme Court has recently clarified that the "reasonable time" requirement applies to *all* motions brought under Rule 60(b), including Rule 60(b)(4) motions, reasoning that it "cannot divine any principle requiring courts to keep their doors perpetually open to allegations of voidness." *Coney Island Auto Parts Unlimited Burton Tr. for Vista-Pro Auto., LLC*, 607 U.S. 155, 158-62 (2026).[1] Although the *Coney Island* holding clarified that Rule 60(b)(4) motions remain subject to Rule 60(c)(1)'s reasonable-time requirement, Rule 60(c)(1)'s separate one-year limitation continues to apply only to motions brought under Rules 60(b)(1), 60(b)(2), and 60(b)(3). Because Defendant seeks relief under Rule 60(b)(4) rather than one of the reasons subject to a strict, one-year limit, the Court rejects Plaintiffs' argument that Lee's Rule 60(b)(4) motion is barred solely because it was filed more than one year after entry of judgment. Although filed more than one year after entry of judgment, the Court concludes that Lee's Motion was nevertheless filed within a reasonable time under Rule 60(c)(1).

---

[1] Prior decisions have suggested that Rule 60(b)(4) motions were not subject to Rule 60(c)(1)'s reasonable-time requirement. *E.g.*, *Briley v. Hidalgo*, 981 F.3d 246, 249 (5th Cir. 1993) ("[T]here is no time limit on an attack on a judgment as void. The one-year limit applicable to some Rule 60(b) motions is expressly inapplicable, and even the requirement that the motion be made within a 'reasonable time,' which seems to literally apply to motions under Rule 60(b)(4), cannot be enforced with regard to this class of motion.") (quoting Wright & Miller, *Federal Practice and Procedure: Civil*, § 197-198 (1973)).

### b. *Service of Process*

The Court will first consider the parties' arguments regarding service of process. Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve each defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). "In the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.3d 434, 435 (5th Cir. 1981). Rule 4(e) governs service of process on an individual within a judicial district within the United States. Fed. R. Civ. P. 4(e). An individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Because service was made in Texas, Rule 4(e)(1) permitted Plaintiffs to effect service by following either Louisiana law, where this Court sits, or Texas law, where service was made. Rule 4(e)(2) also allows a plaintiff to effectuate service by:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).

"When service of process is challenged, the serving party bears the burden of establishing its validity."[2] *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (citing *Aetna Bus. Credit, Inc.*, 635 F.3d at 435). "The general rule is that '[a] signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence.' " *Id.* (quoting *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394,

---

[2] Alternatively, the party responsible for serving process may show that good cause existed for its failure to serve process properly. *See* Fed. R. Civ. P. 4(e); *Ganpat v. E. Pac. Shipping, PTE. LTD*, 434 F. Supp. 3d 441, 461 (E.D. La. 2020).

1398 (7th Cir. 1993)) (alterations in original).

Here, Defendant contends that the record reflects Plaintiffs' attempt to serve him "at a Texas address by mail, but no executed return of personal service or other valid proof of service was filed as required." R. Doc. 21, p. 2. He also appears to argue that because "[s]ervice was attempted in Texas, not Louisiana," the service was improper. *Id.* Plaintiffs, on the other hand, argue that Defendant was properly served by personal service in the Fall of 2023,[3] and therefore, "Defendant's claim that 'there is no record showing valid personal service on Mr. Lee' is misleading and incomplete." R. Doc. 27, p. 3 (citing R. Doc. 7).

The Court's review of the record demonstrates that proper service was effectuated. On October 17, 2023, Plaintiffs filed a proof of service on Parker Lee. R. Doc. 7, pp. 1-2. This filing indicates that Lee was personally served at 7935 Saraville Drive, Dallas, Texas, 75252, on September 27, 2023. *Id.* at p. 2. Additionally, the summons clearly stated that Lee must answer Plaintiffs' Complaint within 21 days of service and that failure to respond will result in a default judgment. *Id.* at p. 1.

Nonetheless, Lee never responded to the summons, and he now states by affidavit,

I was never personally served with process in Louisiana. I later learned that a copy of the summons and complaint may have been mailed to a Texas address. I did not understand this to mean that I was being sued personally in Louisiana federal court, and I had no knowledge of the proceeding until after the default judgment had been entered.

R. Doc. 21-8, p. 3 (Affidavit of Parker Lee). Although Lee now denies that he was personally served and asserts that he later learned the summons and complaint "may have been mailed to a Texas address," those assertions alone do not overcome the facially valid return of service filed

---

[3] While Plaintiffs argue in their opposition to Lee's Motion that Defendant was served on August 28, 2023, R. Doc. 27, p. 3, the executed summons and proof of service indicate that the summons was *received by the process server on August 28, 2023*, then personally served on Lee in Dallas, Texas on September 27, 2023.

7

into the record. The signed return constitutes prima facie evidence of valid service, shifting the burden to Lee to prove otherwise by clear and convincing evidence. *People's United Equip. Fin. Corp.*, 447 F. App'x at 524.

Lee has failed to satisfy that burden. The record reflects that a process server, Gil Wilson, personally served Lee in Dallas, Texas, on September 27, 2023. R. Doc. 7, pp. 1-2. Lee's affidavit merely denies that he was personally served and expresses his belief that "the summons and complaint may have been mailed to a Texas address." R. Doc. 21-8, p. 3. Such conclusory assertions, unsupported by corroborating evidence and contradicted by the executed return, do not constitute the strong and convincing evidence necessary to rebut the prima facie validity of service.

### c. *Personal Jurisdiction*

Lee next argues that the default judgment is void because the Court lacked personal jurisdiction over him. R. Doc. 21, pp. 2-3. Specifically, Lee asserts that he "engaged in no personal Louisiana-directed activity" and therefore lacks sufficient contacts with Louisiana to support the exercise of personal jurisdiction. *Id.* at p. 2.

Personal jurisdiction is "an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal quotation omitted). A federal court may exercise personal jurisdiction over a non-resident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over the defendant, and (2) the exercise of personal jurisdiction comports with due process under the United States Constitution. *Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999). Louisiana's "long-arm statute authorizes the exercise of personal jurisdiction to the limits of due process." *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 365 (5th Cir. 2010). Hence, "the Court need only consider whether

the exercise of jurisdiction in this case satisfies federal due process requirements." *Embry v. Hibbard Inshore, LLC*, 2019 WL 2744483, at \*2 (E.D. La. July 1, 2019) (citing *Dickson Mar. Inc. v. Panalpina, Inc.,* 179 F.3d 331, 336 (5th Cir. 1999)).

Personal jurisdiction may be general or specific. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).  For a court to exercise general jurisdiction, the defendant's contacts with the forum state must be "so continuous and systematic" as to render the defendant "at home" in that state. *Daimler AG v. Bauman,* 571 U.S. 117, 127 (2014) (*citing Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001)).  Here, Lee is a Texas resident whose contacts with Louisiana are rather limited, and are, therefore, not so continuous and systematic as to render him at home in Louisiana. Accordingly, the Court finds that it lacks general jurisdiction over Lee in this case.

A court may exercise specific jurisdiction over a non-resident defendant "in a suit arising out of or related to the defendant's contacts with the forum." *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465 (5th Cir. 2006). Specific jurisdiction exists when a non-resident defendant "has 'purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.' " *Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 868 (5th Cir. 2001) (quoting *Alphine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 215 (5th Cir. 2000)).

Specific jurisdiction may also exist where a non-resident defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits

and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state." *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 419 (5th Cir. 1993) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). The Fifth Circuit applies a three-step analysis for personal jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753 (5th Cir. 2009).

Applying these principles, the Court concludes that it may properly exercise specific personal jurisdiction over Lee. Plaintiffs allege that Lee, acting as an officer and/or director of Kwest, personally participated in the business transactions giving rise to this litigation. R. Doc. 27, p. 3. Specifically, Plaintiffs' Complaint alleges that Lee, along with the other individual defendants, marketed computer equipment to Louisiana businesses through Kwest's website, directed communications toward Plaintiffs in Louisiana, and participated in the conduct giving rise to Plaintiffs' claims.[4] *See* R. Doc. 1.

Plaintiffs further allege that Lee and the remaining individual defendants continued to transfer money from Kwest's bank account after signing and executing the Consent Judgment. *See*

---

[4] Plaintiffs' Complaint alleges that the Court may exercise specific personal jurisdiction over the nonresident defendants, including Lee, because they have purposefully directed their business activities toward the state, including engaging in business and selling products to Plaintiffs, who are Louisiana citizens who sustained injuries arising out of those transactions. R. Doc. 1, p. 3. While the Complaint additionally alleges that the Court may exercise *general jurisdiction* over Lee and the other nonresident defendants, *id.*, the Court disagrees.

R. Doc. 1, p. 17. These allegations arise directly from Lee's alleged contacts with Louisiana and therefore satisfy the relatedness requirement for specific jurisdiction. In the present Motion, Lee offers only the conclusory statement that he "engaged in no personal Louisiana-directed activity" to support his assertion that the Court lacks personal jurisdiction over him. *See* R. Doc. 21, p. 2. Even Lee's affidavit, which states that he does not own or lease property, maintain offices or employees, pay Louisiana taxes, or hold Louisiana licenses, R. Doc. 21-8, p. 3, fails to meaningfully address Plaintiffs' allegations that he, as officer and/or director of Kwest, purposely directed activities toward Louisiana and that those contacts gave rise to Plaintiffs' claims. Nor has Lee made a compelling showing that the exercise of jurisdiction would be unfair or unreasonable. Accordingly, the Court concludes that the exercise of specific personal jurisdiction over Lee comports with due process. Therefore, the default judgment against him is not void for lack of personal jurisdiction.

### d. *Res Judicata*

Lee also argues that the claims in this action were previously resolved in the original case Plaintiffs brought against Kwest (Case No. 21-1384), rendering the default judgment in this case void. R. Doc. 21, p. 3. That argument is unavailing. Plaintiffs are correct in their assertion that "[t]he claims in this action are distinct from those in the prior case." R. Doc. 27, p. 4. First, the Consent Judgment was entered against Kwest and MedLogix, the defendants in the original case. Although Lee signed the Consent Judgment on behalf of those entities, he was not a party to that judgment in his individual capacity. Moreover, the present action seeks to impose personal liability on Lee based on his alleged conduct as an officer and/or director of Kwest, including allegations that he participated in the transactions giving rise to Plaintiffs' claims and diverted funds following entry of the Consent Judgment. *See* R. Doc. 1, pp. 17-19.

11

Additionally, even if Defendant's res judicata argument had merit, relief under Rule 60(b)(4) is limited to defects that deprive the rendering court of jurisdiction or otherwise amount to a violation of due process. *See Callon Petroleum Co.*, 351 F.3d at 208. Because Lee's res judicata argument does not implicate either ground, it provides no basis for vacating the default judgment.

### e. Conclusion and Attorneys' Fees

Lee has failed to demonstrate that the default judgment entered on March 1, 2024, is void. Service of process was proper, the Court properly exercised specific personal jurisdiction over Lee, and his remaining arguments do not establish a jurisdictional or due-process defect cognizable under Rule 60(b)(4). Accordingly, Lee's Motion is DENIED.

In addition to asking the Court to deny Defendant's Motion, Plaintiffs also request an award of reasonable attorneys' fees and costs incurred in opposing this Motion and ask the Court to grant such other relief as it deems just and proper. R. Doc. 27, pp. 5-6. Plaintiffs cite no authority entitling them to recover such fees, and Rule 60 itself does not provide an independent basis for an attorneys' fees award. *See* Fed. R. Civ. P. 60. Nor does the Court find that an award is otherwise warranted under any other applicable source of law. Accordingly, Plaintiffs' request for attorneys' fees and costs is denied.

Accordingly,

**IT IS ORDERED** that Defendant Parker Lee's Motion to Vacate Default Judgment Under Rule 60(b)(4) (R. Doc. 21) is **DENIED**.

New Orleans, Louisiana, this 2nd day of July 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

12